IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL RICARDO BEAUMONT,<br><br>Petitioner<br><br>v.<br><br>UNITED STATES ATTORNEY GENERAL,<br><br>Respondent | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL NO. 1:CV-16-2051<br><br>(Judge Caldwell) |

*M E M O R A N D U M*

I. *Introduction*

Petitioner, Paul Ricardo Beaumont, is currently being held in the custody of the United States Immigration and Customs Enforcement (ICE) at the York County Prison, in York, Pennsylvania. On October 10, 2016, he filed a "Motion to Request Appointment of Counsel under Due Process of Law and/or Title 18 U.S.C. § 3006A and Title 8 U.S.C. § 1534." (ECF No. 1, Pet.) His filing was docketed by the Clerk of Court as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

We will refer to the filing as a petition. As the petition indicates, Beaumont is not challenging his continued detention or his order of removal. Instead, he seeks the appointment of counsel to assist him in his appeal before the Board of Immigration Appeals (BIA). He claims a right to counsel under the Fifth Amendment's Due Process

[1] The Attorney General is named as the respondent. The proper respondent is the Warden of the York County Prison, Beaumont's custodian. *See Rumsfeld v. Padilla,* 542 U.S. 426, 435, 124 S.Ct. 2711, 2717, 159 L.Ed.2d 513 (2004).

Clause, under 8 U.S.C. § 1534(c), and under 18 U.S.C. § 3006A. For the reasons that follow, Beaumont's petition will be dismissed for lack of jurisdiction. However, he may assert his right-to-counsel claim by way of a petition for review in the court of appeals from any adverse decision of the BIA.

II. *Background*

The petition alleges as follows. Beaumont is a native and citizen of Jamaica. (ECF No. 1, Pet.) He entered the United States in 1977. His mother is a United States citizen. On May 23, 1995, Beaumont's status was formally adjusted to that of a lawful permanent resident.

In 1989, Beaumont was convicted for simple assault in Pennsylvania. He received a two-year probationary sentence. A year later, he was convicted in Pennsylvania for aggravated assault. He was sentenced to a term of three-and-a-half to ten years' imprisonment.

On April 12, 1995, immigration officials served Beaumont with an order to show cause why he should not be removed from the United States based on his prior convictions. On April 12, 1996, an immigration judge ordered Beaumont removed from the United States. Beaumont was allowed to voluntary depart the United States on a date certain but he failed to do so and remained in the United States.

In October 2016, Beaumont was arrested for violating his parole and was sentenced to six months' incarceration. Upon his release from prison, he was taken into ICE custody and placed in removal proceedings.

"While in removal proceedings," Beaumont hired counsel to represent him. His counsel filed a motion to reopen his removal proceedings. As part of that motion, Beaumont asked for a waiver of inadmissibility under 8 U.S.C. § 1182(h), INA § 212(h), based upon the extreme and unusual hardship his removal would have on his ailing eighty-year-old mother. An immigration judge reopened the proceedings but denied the waiver petition, finding that Beaumont had not established extreme and unusual hardship to justify the waiver. Beaumont contends the petition was denied because his counsel was ineffective and had abandoned him.

On December 7, 2015, Beaumont filed a motion for reconsideration of the denial of his petition. The immigration judge denied the motion on December 22, 2015. Beaumont filed a notice of appeal with the BIA on January 14, 2016. The BIA issued a briefing schedule calling for Beaumont's appellate brief on or before March 15, 2016. Petitioner alleges he filed the brief on March 10, 2016, while housed at the State Correctional Institution in Graterford, Pennsylvania, by addressing it to the Department of Homeland Security and placing it in the institutional mail.

On July 6, 2015, Beaumont was transferred to the State Correctional Institution in Camp Hill, Pennsylvania, and later to the York County Prison where he presently resides. While at the York County Prison, he learned that ICE never received his appellate brief and he had no open appeal pending. Beaumont avers he has a meritorious administrative appeal because his underlying convictions do not qualify as removable offenses.

III. *Discussion*

As noted, in the current petition, pursuant to 18 U.S.C. § 3006A, 8 U.S.C. § 1534(c)(1), and 18 U.S.C. § 3006A, Beaumont moves for the appointment of counsel to assist him in his immigration proceedings. We lack jurisdiction to consider such a request.

The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (2005) (REAL ID Act), divested district courts of subject-matter jurisdiction, whether through habeas corpus or otherwise, to review removal orders of any alien. *See* 8 U.S.C. § 1252(a)(5). The REAL ID Act provides that the "sole and exclusive means for judicial review" of an order of removal and matters dependent thereon, shall be a petition for review filed with the appropriate court of appeals. *Id.; see also Duvall v. Att'y Gen.*, 436 F.3d 382, 386 (3d Cir. 2006)("The sole means by which an alien may now challenge an order of removal is through a petition for review directed to the court of appeals."). In addition, 8 U.S.C. § 1252(b)(9) provides that all questions of fact or law that arise from removal proceedings can only be addressed in a petition for review to the appropriate court of appeals. Thus any claim, constitutional or statutory, to a right to counsel during removal proceedings must be presented by way of a petition for review to the appropriate court of appeals from the BIA's removal decision. As noted by the Ninth Circuit in *J.E. F.M. v. Lynch*, 837 F.3d 1026, 1033 (9th Cir. 2016), "right-to-counsel claims must be raised through the PFR process because they "arise from" removal proceedings. The counsel claims are not independent or ancillary to the removal proceedings. Rather, these claims are bound up in and an inextricable part of the administrative process." Thus, we

do not have jurisdiction to appoint Beaumont counsel to assist him in his attempt to reopen his immigration proceedings before the BIA.

IV. *Conclusion*

We will issue an order dismissing the petition for lack of jurisdiction. We need not issue a certificate of appealability since Beaumont has the right to appeal our order to the Third Circuit Court of Appeals without a certificate. *See Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009).

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 6, 2016